UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| DOUGLASS C. TATRO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Douglass C. Tatro, by counsel, states as follows for his Complaint against Defendant United States of America:

## JURISDICTION AND VENUE

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (the "FTCA"). This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b)(1).

2. Prior to the institution of this action, on June 28, 2019, an administrative tort claim was filed with the Department of Veterans Affairs as required by 28 U.S.C. § 2675(a), which is attached hereto as **Exhibit A**.

3. On February 27, 2020, Plaintiff received a letter from the Department of Veterans Affairs denying his claim. A copy of the denial letter is attached hereto as **Exhibit B**.

4. Accordingly, Plaintiff's claim is ripe to be litigated in this Court pursuant to 28 U.S.C. § 2675(a).

5. Plaintiff has attached the expert report of Dr. Karim Trad as **Exhibit C**.

6. Venue is proper in this judicial district pursuant to U.S.C. § 1402(b) as the cause of action arose within the Eastern District of Virginia.

## GENERAL ALLEGATIONS

7. At all times relevant to this action, Defendant owned and operated the Hunter Holmes McGuire VA Medical Center ("McGuire VAMC") and its affiliated outpatient clinics.

8. At all times relevant to this action, the agents, servants, employees and personnel of Defendant were acting within the course and scope of their employment in providing medical care and treatment to Plaintiff, who, as a veteran of the United States Armed Forces, was entitled to, and frequently did, receive medical care at McGuire VAMC and its related outpatient clinics.

9. Late on the evening of October 31, 2018, Mr. Tatro presented to the emergency department at McGuire VAMC with complaints of severe, diffuse abdominal pain and several episodes of vomiting that occurred after eating.

10. A CT of the abdomen/pelvis was performed and based on those findings and the clinical examination, Mr. Tatro was taken to the operating room on the afternoon of November 1, 2018 to undergo a laparoscopic cholecystectomy. The surgery was performed without complication, and Mr. Tatro remained an inpatient at McGuire VAMC until November 3, 2018.

11. During this admission, Mr. Tatro's lab results consistently revealed elevated white blood cell counts ("WBC"). On November 3, 2018, he was discharged home without antibiotics, despite having an elevated WBC of 14.3 and a known history of steroid usage.

12. Upon returning home, Mr. Tatro continued to experience abdominal pain and generalized weakness, and on November 6, 2018, Mr. Tatro returned to the McGuire VAMC emergency department with complaints of persistent and worsening abdominal pain. He also reported bloating, anorexia, weight loss, and loose stools.

13. Upon examination, Mr. Tatro's abdomen was found to be severely tender and mildly distended, and a CT scan of the abdomen and pelvis revealed "interval subcapsular

collections…adjacent to the right lobe of the liver and Morrison's pouch" which were noted to be "suspicious for abscesses."

14. Based on these findings, Mr. Tatro was admitted to the general surgery service for further evaluation and treatment of "right [liver] lobe subcapsular hematoma vs. abscess."

15. During this admission, Mr. Tatro's labs revealed a persistently elevated WBC, and despite IV antibiotics and pain medication, he continued to experience abdominal pain and an altered appetite. However, no additional imaging was ordered to evaluate and/or confirm the presence of liver abscesses before Mr. Tatro was discharged home on November 8, 2018.

16. On November 29, 2018, Mr. Tatro returned to McGuire VAMC for a follow-up appointment with general surgery. The records are totally devoid of any mention of the liver abscesses and his healthcare providers seemingly failed to consider, evaluate, or confirm the presence of liver abscesses.

17. On January 13, 2019, Mr. Tatro presented to the emergency department at Chippenham Hospital with complaints of mid-epigastric abdominal pain, vomiting, chest pain, and shortness of breath. Initial labs revealed an extremely elevated WBC at 23.27 and a CT scan revealed multiple hepatic and perihepatic masses. Mr. Tatro was admitted to the ICU with severe sepsis and started on IV antibiotics.

18. The following day, on January 14, 2019, Mr. Tatro underwent an ultrasound-guided liver biopsy to evaluate the masses previously seen on CT and was found to have liver abscesses. Infectious disease was then consulted, adjustments were made to his IV antibiotic regimen, and interventional radiology placed a drain to evacuate the abscesses.

19. Over the next few days, Mr. Tatro's condition slowly improved and he was stable enough for discharge from the ICU on January 16, 2019. On that same day, a repeat CT scan

revealed decreased size of the abscesses and no residual drainable fluid. The abscess drain was removed on January 17, 2019.

20. On January 21, 2019, Mr. Tatro was discharged home with an additional two-week course of Augmentin and an order for home health services given his debilitation.

21. From February 9-14, 2020, Mr. Tatro was readmitted to Chippenham Hospital for further treatment of the liver abscesses.

22. As a direct and proximate result of the negligent care provided to him by his healthcare providers at the McGuire VAMC, Mr. Tatro developed severe sepsis and required extensive and otherwise unnecessary hospitalizations with resulting debilitation. Additionally, Mr. Tatro, who is self-employed in the construction industry, lost significant income during the course of his illness and recovery.

## COUNT I - NEGLIGENCE

23. Mr. Tatro restates and re-alleges paragraphs 1 through 22 as if fully stated herein.

24. As a provider of medical services to Mr. Tatro, the United States and its agents, servants or employees at McGuire VAMC and its affiliates owed Mr. Tatro a duty to provide him with medical care consistent with the governing standard of medical care.

25. Mr. Tatro alleges that the agents, servants or employees of the United States at McGuire VAMC and its affiliates, while acting within the scope of their employment, violated the applicable standards of medical care in the following respects:

    a. Negligent failure to appreciate and timely evaluate and treat Mr. Tatro's elevated white blood cell count on November 3, 2018 at the time of his initial discharge from McGuire VAMC, including a failure to prescribe antibiotics;

    b.    Negligent failure to order and perform appropriate imaging studies after the November 6, 2018 CT scan to evaluate and monitor the liver abscesses for resolution;

    c.    Negligent failure to consider the placement of an IR drain during Mr. Tatro's second admission on November 6, 2018;

    d.    Negligent failure to appropriately evaluate and treat the liver abscesses on November 29, 2018; and

    e.    Other deviations from the standard of care which may be developed through additional factual investigation, expert review, and discovery.

## DAMAGES

26.    As a direct and proximate result of the aforementioned acts of negligence, Mr. Tatro suffered all of the injuries described herein and damages, including the following:

    a.    Physical pain, suffering, discomfort, and disfigurement;

    b.    Emotional distress and mental anguish;

    c.    Economic losses; and

    d.    Other damages.

WHEREFORE, Mr. Tatro respectfully requests that the Court grant judgment in his favor against the Defendant awarding him compensatory damages in the amount of THREE MILLION DOLLARS ($3,000,000.00), together with prejudgment interest and any other costs as he may be lawfully entitled to recover.

Respectfully submitted,

DOUGLASS C. TATRO

By: _____
Brewster S. Rawls
Harrison W. Long
Rawls Law Group PC
211 Rocketts Way, Suite 100
Richmond, VA 23231
(804) 344-0038
(804) 782-0133 – Facsimile
brawls@rawlslawgroup.com
wlong@rawlslawgroup.com